2015-1169 DeLorme Publishing v. BriarTek Your Honor, may it please the Court. My name is John Fuse on behalf of Appellants, BriarTek. The first issue I'd like to touch briefly on is jurisdiction. I think it's been well-briefed, but there is one point I'd like to make, and that has to do with patent exhaustion. There was an issue raised with respect to damages. Is the fear of damages a basis to assume that there's a justifiable controversy, merely because DeLorme thinks they still may have been liable for damages? Is that a basis for the District Court to assume jurisdiction? It is not. The reason is patent exhaustion. Had we, BriarTek, asked for damages for the product that was sold in violation of the consent order, that would have provided it with a license, an implied license. We would have released it. We would have essentially undone the consent order. So it's just the opposite. The existence of a consent order weighs against the fear of damages, because if we ask for damages, we undo what we just got. And that's true in the District Court. We never asked for damages with respect to any product that was subject to the consent order. The other point I'd like to make is there's a fundamental difference between our petition to the ITC to seek enforcement of trade laws, as opposed to construing solely that petition, whether it be the underlying 854 enforcement investigation or the enforcement action, as somehow a finding of a threat of infringement to DeLorme. Let me just say, you're going to tell me why this is wrong, but why this seems to me such a non-starter, this jurisdictional objection. They file their D.J. action at a time that you are seeking an enforcement action against them in the ITC. They are potentially on the hook for what turned out to be quite a lot of money. It is at a minimum uncertain what the effect of a District Court-affirmed final invalidity ruling would be on that. Doesn't that put into, well, well within the heartland of a case or controversy that the validity question could well have dramatic dollar consequences for them? No, absolutely not. Tell me why that's wrong. Because the consent order is a contract between DeLorme and the ITC. It's not with Briar Tech. So what? You can't contract to put my rights in jeopardy and then drag me into court based on your contract. They have $6 million potentially at stake in the invalidity dispute with you. How is that not against their controversy? The $6 million is not against them. You sought the $6 million enforcement action. I exercised our rights to petition the government to take action under a contract that the government was a party to. Under North Pennington immunity, I can't be held liable nor create liability for petitioning the government to take action. There's no question of your being liable. The question is whether there is a real live dispute in which consequences matter to the participants over whether this patent is invalid. The participants in the consent order are DeLorme and the ITC. So you don't really care whether this was invalid or not. Why are you here? I do care if it was invalid because we were brought into the district. They care a lot, you care a lot. I don't understand what the dispute is about case or controversy. It's not a basis for jurisdiction. Under organic seed, there has to be a real judicial controversy. There has to be a set of facts. There has to be a concern for violations. DeLorme tried to have it both ways. DeLorme tried to walk it to the district court and said we're complying. But there's also a controversy. We're not infringing, but we also may be infringing. Have you ever heard of alternative pleading? In the context of establishing jurisdiction, there have to be facts. There have to be facts under which an Article III court assumes jurisdiction and drags a party who has a valid U.S. patent into the court system and forces them to spend money to defend themselves. There needs to be a basis to do that, and there was not. There was none enumerated by DeLorme. There was none enumerated by the district court. There's none enumerated in the appeal briefs. So in terms of speculation, if simply fear of invalidity is a basis to assume that the district court has jurisdiction over everyone, well then everyone with a patent has a problem. We can erase organic seed. We can erase the myriad of case law that set forth the facts under which declaratory judgment jurisdiction is valid. Didn't you request the enforcement proceedings? Wasn't it you that… That's a petition to the government to enforce it. You made it. You made the petition. It's a request to the government to institute. We're not party. Just like we're not party to the last appeal. Did you get to participate in that proceeding? Yes, we did. You're an interested party, right? I was not allowed to participate in the appeal because… And wait. Didn't the government attorney just stand up here a minute ago and tell me that if there was a remand to the ITC, they would have to solicit, in addition, briar text views on the consent order and what should happen? He stood there and said that. Whether they would like our opinions or not, our comments, is up to the ITC. I don't know if I have a right to participate in any of those proceedings. Enforcement action is between the ITC and DeLorme. I don't believe I have a right, just like I didn't have a right to participate in their appeal. But in the enforcement action, when you petitioned, weren't you claiming that the acts that they were committing by importing the part and then putting everything back together again amounted to infringement? Violation of the consent order. Which said infringement. We have to be careful because under the TI case, the Lannan case, a number of cases that have compared ITC jurisdiction with district court jurisdiction. They've specifically drawn a distinction between seeking violation of trade laws at the ITC versus seeking infringement. The entire distinction there is the entire basis for which there's no rest due to cause. There's no conclusive effect from one venue to the other. I don't understand how any of this matters. I don't understand your answer, but the consent order expressly says, DeLorme shall not import into the United States, sell out for importation. The system and components that infringe claims 1, 2, 5, 10 to 12 of the 380 patents. That's what the consent order says. They can't bring things in that infringe these patent claims. You, the patentee, went to the ITC, encouraged them with your petition for enforcement that they were violating the consent order which required them to be infringing these claims of the patent. Otherwise, they couldn't be violating the consent order. How is that not an accusation of present-day infringement? Because it's a petition for the government to take action on a contract that the government is party to. Judge Moore, if you enter into a contract with Judge Taranto and you secretly decide that this contract will be based on something that Judge Rania does, and he's totally unaware of it, you can't drag him into court because you've conditioned your contract on the actions of a third party. The third party who's not in privity, who's not a party to the contract, can't be dragged in. You were the one that encouraged the ITC that they were infringing the 380 patent by the activities that were being performed after the entry of the consent order. You accused them of that in your petition for enforcement. They are infringing by virtue of the actions they take. They're infringing our 380 patent. You should go after them for enforcement. That is a threat of infringement. The fact that you made it to the ITC and didn't make it directly to them seems to me irrelevant since, of course, they're copied on the plating. Nor Pennington immunity. I can't incur liability for petitioning the federal government to take action. It's not a matter of incurring liability. It's a matter of opening yourself up to case or controversy jurisdiction. Nobody in this courtroom has ever suggested that you are incurring liability, that there's going to be some sanction from you, some damages. As far as I know, DeLorme's not seeking damages from you. If I'm not incurring liability, where's the case or controversy? With me. I don't think there is one. With me, with Breyer Tech, there is not. Breyer Tech, the petition to the federal government, whether it was to Your Honor, whether it was to the White House, whether it was to the Senate, cannot be the basis of a case or controversy with another party. Otherwise, you would eviscerate Nor Pennington immunity. But let me move on. With respect to the ITC case, clearly Claim 2 is the claim that's of issue. Claim 2 has been invalidated under ORBCOM. The first issue I'd like to address with ORBCOM is it challenges whether or not ORBCOM is prior art. ORBCOM is not a patent. It's not a patent publication. It is an article. At the district court, we did challenge whether or not ORBCOM was an enabling prior art. Enabling prior art is different from 112 enablement. It has to do with whether or not the device can be operational. That is precisely the grounds under which we challenged. Note that at our brief at page 53 and 54, it was not rebutted by DeLore. It was not addressed by the district court, and it was not rebutted by DeLore. It was not our burden to prove enablement of the prior art. At this point, with respect to ORBCOM, we challenged whether or not it was enabled. There has been no rebuttal to that. I think ORBCOM should disappear as prior art. That takes care of the Claim 2 anticipation. ORBCOM is also invalidated under obviousness It was ORBCOM in view of DeVries in view of Motorola. That was an obviousness combination that the district court made up that there was no briefing on. There are no facts to support. We did put in evidence that randomly combining different references would not be supported by one of ordinary skill in the art. You had to have evidence to show that randomly combining references? Yes, because it's a similar issue to the original patent disclosed How do you stipulate that randomly combining references doesn't establish anything? You and I are in agreement. With respect to DeVries, I would like to comment on DeVries briefly. When the summary judgment was filed, there was no claim construction. There were no Markman briefs. To say that claim construction didn't matter is an understatement. There was none. Markman briefs were filed after the summary judgment motion was filed. The district court said, I thought, at least once, maybe twice, that you either affirmatively said or never said the contrary, that no claim construction dispute would alter the invalidity analysis. Not at all. Was she just wrong about that? Absolutely, because under our claim construction, we didn't think there was any invalidity issues. In fact, that was the concern with text entry device. It was defined and adopted by the court as a keypad or virtual keypad capable of entering detailed text messages. The district court then goes on to dismiss our expert that detail does not appear in the claim construction and therefore his distinguishing between detailed and pre-canned messages was phenomenal. The district court ignored the claim construction that she claimed that she was contingently applying. I have a procedural question. In her order, which is at JA 60, she declares the 380 patent invalid. But as best as I can tell, the only thing at issue in the district court litigation seems to me to be the asserted claim. And the asserted claims are limited to 1, 2, 5 to 12, 17, 34 and 35. Am I wrong about that? I mean, obviously, even if we were to disagree with you on the invalidation of those asserted claims, I assume you don't want the whole patent invalidated. Correct, Your Honor. I took that more or less as a shot across the bow. If you look at footnote 18, page 43A0058, the district court also expressed her opinion concerning other prior art that she would invalidate the patent on basically if it comes back to her. What was the citation? Footnote 18? I'm on A43. Is that what you said? I'm sorry, 58. Page 43 of the order, it's A0058. Footnote 13. No, but this is – I didn't assume this was meaning – this footnote was meaning to cover all of the other claims. I thought this was meaning to say that these claims might be invalid for these alternative reasons. Correct. I interpreted that to be that there are going to be multiple reasons. She was taking out the patent and she was also – Taking out the patent, timeout. The memorandum seems to be written in terms of the claim, doesn't it? I agree with you, Your Honor. But the order seems to be written in terms of the patent. I agree with you, Your Honor. And it should have been limited to the claims, but it wasn't. But it's not your belief that she was intending to invalidate the whole patent? Do you think the order was simply a mistake on her part, the language of the order? I don't know what she was thinking at this point, Your Honor. Certainly, the order does not conform to the motions or to the arguments presented by the parties. We save the rest of your time for rebuttal. Mr. Brand, can you just start with that last point, Mr. Brand? I'm just a little curious about the language of the order, which does declare the entire patent invalid. On this one, we agree with what I think I heard Briartech just say, which is that what was invalidated were the asserted claims, and which were the ones that you just identified. And so you don't believe that she has, by virtue of this order, invalidated all the claims of the 380 patent? No. But your belief may be a little shallow for them if they try to assert these patents against someone else and then that person tries to bring a collateral estoppel argument on the basis of this order. And honestly, I would... You wouldn't involve. I certainly hope not. So yes, those were the only claims that were asserted against us. All the asserted claims against DeLorme were invalidated. And those are the only claims you understand to have been involved in the district court litigation. Correct. Except that your declaratory judgment action asked for invalidation of the whole patent. It did. But the summary judgment motion went to the asserted claims. I mean, one has to pay some attention to what might be viewed as technicalities here. But your claim that started this case applies to all of the claims. The summary judgment ruling, if one interpreted it as really only resolving the asserted claims and you haven't given up the other claims, there's no final judgment in front of that. Well, simply because there were never any other claims asserted against us, for our purposes, we considered it a done. And obviously, Friartech did as well. We are not challenging that as a final judgment. But we obviously, given, I think, the positions of the parties, are not going to let stand an overbroad order. Is the remand on that, on all of the claims other than the enumerated ones, to say that they should be dismissed without prejudice, or what? I would think that they should be dismissed without prejudice. They were never asserted in the litigation. So it strikes me that... Except in the complaint. Correct. Obviously, in our DJs, obviously, we don't know at that point which ones were going to be asserted. But yes, it's true. On the substance of this appeal, applying Friartech's proposed claim constructions and Friartech's definition of a person of ordinary skill, the district court properly invalidated all of the asserted claims of the 380 patent on multiple grounds. Under Section 102, the court found that all of the asserted claims were anticipated under two references. Can you clarify what I'm still confused about? The district judge said, at least once, that Friartech, either by affirmative statement or omission, seemed to accept the idea that,  because any such disagreement had no bearing on the validity analysis. Can you just clarify that for me? The district court said that with respect to both of the claim construction and the person of ordinary art. Indeed, there's no challenge to that on this appeal. If you read through the Friartech brief and say, where does that claim construction make a difference? The fact that they accepted it didn't make a difference. Just to clarify for me, did Friartech affirmatively say to the district court, we have disagreements about claim construction, but they do not matter for the invocation? They said, we have disagreements about claim construction, and they never said why it mattered. Did they attempt to argue that it mattered and fail? Is that what you're saying? They never even tried. Our position is they never tried in the district court, and they didn't try here to show how any of it made any difference whatsoever. The court found not only did it, so it's adopted there, but said, and Friartech doesn't show me in any of these arguments why it makes any difference whatsoever. Indeed, there's nothing to that effect. But wait, what about this pre-canned messaging, mutual communication using detailed text messaging as required by claim one? What about that? If she had adopted their definition, then it would seem to me that ORC.com couldn't anticipate. We would disagree because, first of all, their proposal, which was not on the claim, said that they need to be capable of detailed text messaging, which she accepted. It doesn't mean that it only applies to detailed text messaging because the claims don't actually say that, and there's no suggestion that they do. Indeed, it just says that they have to be capable of it. And what we heard today on DeVries is indeed... Yeah, I meant DeVries. I'm sorry. That's okay. Thank you for clarifying. That's fine. But DeVries, and we direct the court to page 908-908 of the appendix, actually disclosed detailed text messaging as part of that prior art. And indeed, so first it didn't make any difference because it only had to be capable of it. DeVries actually disclosed it. And indeed, as was noted this morning, the district court, in sort of a belt and suspenders approach, not only found that that was anticipated under Section 102... Well, but their expert opines that it didn't disclose that, that it only disclosed precant messaging and isn't what a prior art reference discloses a question of fact. Except that you can't just put in an expert declaration that just says that I don't think this is true. Without something to ground it or to explain it or to give it some sort of, some reason to think that there is something to support it. Because otherwise, all you would ever have to do to defeat an anticipation argument is to come find someone who says, I'm an expert and I just don't think it does it. It doesn't disclose it. And indeed, to the extent that the expert... So where would you tell me to look in DeVries for mutual communication using detailed text messaging? I would look in the appendix at page 908. But to follow up on that, Ormstown certainly discloses, with regard to the... Beyond that, what I was going to say is that the judge went on to say, in a separate part of the opinion, that DeVries, as a primary reference, with the combination of the Motorola manual, which nobody suggested, did not disclose detailed text messaging, actually rendered this obvious. And there's no... Just applying those two references together, whether you get it under anticipation, under DeVries alone, or you do it with... In the bottom of the left-hand column, paragraph 37, in another embodiment, the operator unit may further comprise a keypad, not shown, that allows composition of text messages while the voter is underway. And if you compare that... If you compare that disclosure to what was actually in this patent, which is just talking about a text entry device, then the text entry device adapted to receive textual data. You can't have a... It has the same level of detail that you actually have in this patent, which is one of the reasons one of our alternative arguments below was that this was actually invalid under Section 101 as well. It really tells you very little. And DeVries actually provides you in the reference that you just quoted more detail than is actually in the patent itself. And so it certainly... We would submit that the reference itself anticipates just on the plain language alone. And so putting in a declaration from your expert... And if not, it renders it obvious in light of ORCOM. Yes, I understand your argument. Anything else that you think you need to cover today? No, I think I'm all set. Thank you. Thank you, Mr. Brand. Thank you. We have a little bit of a rebuttal time left. Very quickly, I think just to clarify a point of claim construction that Judge Taranto had. On page... The appendix A0508. I'm sorry, A... 508. 508. That is the actual summary judgment motion. It shows the claim on rejection. It is a single paragraph. There's no element-by-element comparison. There is no claim construction. At the point in time that this is filed, neither party's claim construction is before the court. Right, and so what did you say in opposition to this? We raised that claim construction was necessary to perform an invalidity analysis. That's when the judge asked for a position... Right, but did you go beyond that abstract point to say here are specific reasons that our construction of this term versus their construction of that term produces a different result of this claim element read on this paragraph? Which is a basis for distinction detail text message, which is a text entry device. Had the construction actually been applied that the court claims it adopted, it would have used the word detail. It would have given way to our expert when he indicated there was no And just so Your Honor is clear, the detail text messaging is not something we just made up. It comes directly out of the patent. At A0072, it's column 4, line 11. It specifically distinguishes between preset and detail text messages. It says column 4, line 11, so that the user can enter a detailed text message when able and can send a general category message when unable. Okay, Mr. Fuse, I think our time is well past expired for today. I thank both counts for their arguments. The case is taken under submission.